IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 08-669 (3,4) |
| v. | ) | Judge David H. Coar |
| | ) | |
| CHRISTOPHER WEST, et al. | ) | |
| | ) | |
| Defendants | ) | |

## MOTION IN LIMINE OF THE UNITED STATES TO EXCLUDE IMPROPER EXAMINATION, EVIDENCE AND ARGUMENT REGARDING ECONOMIC DURESS

The United States of America, by and through its undersigned attorneys, hereby moves this Court pursuant to Rules 104, 401, and 402 of the Federal Rules of Evidence, to preclude defendants from examining witnesses, adducing evidence, or tendering argument regarding an "economic coercion" or "economic duress" defense. This proposed defense concedes that defendants paid bribes to corrupt military officials, but posits that they did so under duress sufficient to extinguish the required criminal intent. Yet, such a theory is not a legally accepted defense to the charges of bribery of a public official or conspiring to bribe a public official, and thus, asserting such a defense is merely an argument that the jury should nullify the law. Defendants should, therefore, be precluded from examining witnesses, adducing evidence, or tendering argument that economic coercion or duress excuses their criminal culpability.

**I  Background**

Since the outset of this matter, defendants have represented that the "threshold issue of this entire case" is whether the military officials who have pled guilty to conspiracy and bribery in this matter forced the contractor defendants into bribery, such that the contractors were acting under economic coercion or duress sufficient to excuse their criminal intent. At a hearing on

February 19, 2009, counsel for Tahir Ramin described to Judge Der-Yeghiayan this proposed economic coercion defense:

> It is our defense that these – our clients, the AZ clients, are the victim of an extortion scheme by the military personnel in this case and others at Bagram Air Force Base, that – and the law supports this defense and we can provide the Court with a brief on this – that our clients came to Bagram and were honest hard-working contractors who were perform – the contracts were awarded legitimately and they did their job. And these military officers – some non-commissioned officers, some commissioned officers – they cycle into Afghanistan for 12 or 15 months at a time. They are not people of any meaningful resources here in the states and they see an opportunity to make money. And what they do is they extort clients like ours or else their contracts are terminated, they're not renewed, they blackball them up the chain of command.

Feb. 19, 2009 Hrg. Tr. at 19. More recently, defendant Tahir Ramin expressed his understanding that "someone saying [they have] been forced into [a scheme to pay a bribe] is no different than saying they acted under duress." Oct. 10, 2009 Hrg. Tr. at 150. This economic duress defense is fundamentally a claim that the defendants should now be immune from criminal penalty because if they did not pay bribes to public officials, they could have lost (or not received more) lucrative military contracts providing goods and services at Bagram Airfield, Afghanistan.

**II      Economic Coercion or Duress Are Not Legally Cognized Defenses to Bribery**

The affirmative defense of duress, in appropriate cases, may extinguish criminal mens rea, and thus excuse culpability for an otherwise criminal act. As the Supreme Court explained, to interpose the defense of duress to negate criminal intent, the defendant must show that:

> (1) The defendant was under an unlawful and imminent threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; (2) the defendant had not recklessly or negligently placed herself in a situation in which it was probable that she would be forced to perform the criminal conduct; (3) the defendant had no reasonable, legal alternative to violating the law, that is, a chance both to refuse to perform the criminal act and also to avoid the threatened harm; and (4) that a direct causal relationship may be reasonably anticipated between the criminal act and the avoidance of the threatened harm.

*Dixon v. United States*, 548 U.S. 1, 4 n.2 (2006); *United States v. Sawyer,* 558 F.3d 705 711 (7th Cir. 2009); *United States v. Jocic,* 207 F.3d 889, 892 (7th Cir. 2000); 2 W. LaFave, *Substantive Criminal Law* §9.7(b) (2003 & Supp. 2008). When a defendant presenting a duress defense committed an ongoing crime, such as conspiracy, the defendant must have ceased committing the crime as soon as the claimed duress lost its coercive force. *United States v. Bailey*, 444 U.S. 394, 412-13 (1980). Defendants are required to prove the elements of this affirmative defense to the jury by a preponderance of the evidence.[1] *Dixon*, 548 U.S. at 5.

Primary among the requirements in proving duress is that the defendant be under the imminent threat of death or serious bodily injury. A defendant's general fear of death or serious bodily injury is insufficient; rather there must be evidence that the threat was impending. *Sawyer*, 558 F.3d at 711; *United States v. Tanner*, 941 F.2d 574, 587 (7th Cir. 1991). Duress, as the term has been understood at common law, and its requisite fear of imminent death or bodily injury, cannot be induced by a threat, however well-grounded, of an economic sanction. *United States v. Sotelo,* 94 F.3d 1037, 1040 (7th Cir. 1996) (holding need for money to pay for protection is no defense to threat charges); *United States v. Bastanipour*, 41 F.3d 1178 (7th Cir. 1994) (holding need for money to avoid deportation is no defense to drug distribution charges). Even if a bribe payor were threatened with not being awarded a government contract, being blackballed up the chain of command, or not being paid for work legitimately performed, the repercussions of such

---

[1] Defendants have on occasion termed this defense "extortion," as opposed to duress. Extortion, however, is not a legally cognized defense; it is instead a separate criminal act, neither a defense to nor mutually exclusive of bribery. *United States v. Lisinski*, 728 F.2d 887, 892 (7th Cir. 1984) (noting bribery and extortion are not mutually exclusive); *Colacurcio,* 659 F.2d at 690 (holding the "insistence that extortion can be a defense to bribery is incorrect . . . even if the appellants were subjected to extortion, they can still be convicted on the bribery charge").

threats would never equate to the apprehension of death or bodily injury. Absent threats of such nature and magnitude, duress is not available as a defense to criminal activity.

To assert a duress defense, defendant must also have no reasonable, legal alternative to violating the law, *i.e.*, paying the bribe. *Bailey*, 444 U.S. at 412-13; *United States v. Liu*, 960 F.2d 449, 454-55 (5th Cir. 1992) (rejecting duress defense in a *bribery* case where defendants had legal alternatives to paying the bribes, including communicating with or surrendering to authorities and remaining abroad and away from the illegal activity); *United States v. Colacurcio*, 659 F.2d 684, 690 (5th Cir. 1981) (holding where legal alternatives were available, such as reporting the extortion attempt, economic coercion is not a defense). Yet, in the context of an alleged threatened economic sanction by a U.S. official awarding government contracts, the prospective bribe payor always has a reasonable option to refuse to pay the bribe. If the threatened sanction materializes, the would-be bribe payor could always report a bribe solicitation to the authorities or upward in the military chain of command, and if the initial report is ignored, the payor could pursue the report to various law enforcement agencies until the allegation is finally investigated. *United States v. Harper,* 466 F.3d 634, 648 (8th Cir. 2006) (denying the defense where the defendant could have gone to other law enforcement officials after a threat from one official); *Colacurcio*, 659 F.2d at 690 (denying duress defense despite defendant's previous attempt to contact police). The would-be bribe payor could also levy a protest or otherwise seek redress through the administrative contracting process. *United States v. Sahakian*, 453 F.3d 905, 907 (7th Cir. 2006) (affirming grant of government limine motion denying defendant the right to introduce a necessity defense where he did not file a grievance with the Bureau of Prisons or pursue other

legal alternatives).[2] Accordingly, federal courts have specifically noted that economic duress is not an affirmative defense to bribery. *United States v. Lee*, 846 F.2d 531, 534 n.1 (9th Cir. 1988) (noting several circuits have rejected the argument that economic coercion is a defense under § 201 and that a plain reading of that section "casts doubt on the [defendants'] economic coercion theory") (citing cases); *see also United States v. Holzer*, 840 F.2d 1343, 1351-52 (7th Cir. 1988) (noting that "every person who knuckles under to an extortionate demand does so intending to influence the extortionist not to carry out his threat, and that this should be enough to prove bribery," except "where the victim had paid the extortionist at the point of a gun, though the present [public corruption] case is far removed from this").[3]

Not only is economic duress not any sort of defense to the pending charges, but the Sentencing Commission has even refused to recognize economic duress as a possible basis for a downward departure at sentencing. The Sentencing Guidelines specifically state that "[o]rdinarily

---

[2] Defendants' cite to *United States v. Toney*, 27 F.3d 1245 (7th Cir. 1994). That case involved a felon-in-possession charge under 18 U.S.C. § 922(g)(1) in which the defendant alleged that he illegally took possession of a firearm in order to prevent his girlfriend from committing suicide. The Court explained that "the defendant must have been under such duress that he had no alternative but to commit the crime." *Id.* at 1248. The Court held that such duress was not present and that it was proper to prohibit the jury from considering the defense. So too is the case here, where defendants had an array of alternatives available other than felonious activity.

[3] Neither *United States v. McPartlin*, 595 F.2d 1321 (7th Cir. 1979), nor *United States v. Peskin*, 527 F.2d 71 (7th Cir. 1975), both of which involved the Illinois state bribery statute, not the federal bribery statute, established that extortion or economic duress was a defense to bribery. In both cases, the court of appeals rejected the proposed defense, holding that under Illinois state law payment for a discretionary act (*i.e.* the award of a military contract or the order of bunkers and barriers under a blanker purchase agreement) is "bribery, pure and simple." *McPartlin*, 595 F.2d at 1339 ("[W]here a discretionary . . . decision . . . has been requested, the withholding of such action until a money demand is met could not negate the intent (to influence the performance of an official act) required by the Illinois bribery statute." This case implicates only the federal bribery statute, under which extortion or duress are not defenses, and in any event, the official acts defendants sought to influence were wholly discretionary, thus like in *McPartlin* and *Peskin*, the defense (if it exists at all) would be unavailable even under Illinois state law.

coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party . . . personal financial difficulties and economic pressures upon a trade or business do not warrant a downward departure." U.S.S.G. §5K2.12; *see also United States v. Harvey,* 516 F.3d 553, 556 (7th Cir. 2008) (noting that §5K2.12 is significantly more forgiving than the traditional defense of duress, but denying downward departure where defendant did not contact the police or take other lawful measures to avoid the perceived harm).

 Here, while apparently conceding that they paid money to public officials to influence official acts, defendants, at most, contend that the public officials in this case "extort[ed] clients like ours or else their contracts are terminated, they're not renewed, they blackball them up the chain of command." Feb. 19, 2009 Hrg. Tr. at 19. They have not suggested, as required by a legally-recognized duress defense, *Dixon*, 548 U.S. at 4, that at any time they feared for their lives or their personal safety. Quite to the contrary, the evidence demonstrates that defendants paid numerous U.S. military officials in varying amounts over the course several years, depending on the nature of the contract or the size of the delivery. They paid not only those U.S. military officials also charged in the Superseding Indictment, but several others as well, for contracts ranging from linehaul services to rental vehicles.

 Each night the defendants returned to their homes in Kabul, away from the U.S. military forces, and throughout this time period, they traveled frequently around the world. *Liu*, 960 F.2d at 454-55 (rejecting duress defense where defendant could have remained in Asia, away from the illegal bribery activity, or sought protection in another city). Far from being under duress from each of a half dozen or more bribe recipients, defendants merely found paying bribes more

expedient than competing for contracts. *Id.* at 455 ("[Ting] traveled the crooked path not because he was forced to do so, but because he elected to do so."). Under these circumstances, defendants here, like the defendants in *Liu,* cannot show a threat of harm sufficient to prove duress.

Nor can defendants present evidence that they had no reasonable, legal alternative but to engage in the illegal activity. In each instance, defendants paid the illegal bribe and in turn received the expected benefit. Defendants never filed a grievance, lodged a protest administratively, or informed the chain of military command. Most tellingly, at no time did any defendant reveal that West, Boyd, Person A, or any other public official was demanding money in return for the award of bunkers and barriers deliveries or asphalt contracts; and at no time did any defendant reveal that he was delivering cash to corrupt service members stationed at Bagram Airfield with whom he was doing business on a daily basis, or wiring money to the friends and family members of those service members back in the United States.

Because the defendants' purported economic duress claims are not legally cognizable, it is proper for the Court to preclude them from being presented to the trier of fact. *Bailey*, 444 U.S. at 397 (holding no error where district court rejected certain defendants' offers of proof on duress defense and refused to instruct jury on such a defense); *Bastanipour*, 41 F.3d at 1184 (holding district court did not err in excluding expert testimony and jury instruction on duress defense where no evidence supported it); *Colacurcio,* 659 F.2d at 690 (upholding refusal to grant instruction on duress defense); *United States v. Trapnell*, 638 F.2d 1016, 1030 (7th Cir. 1980) (finding no error where district court rejected defendant's offer of proof on duress defense).

**Conclusion**

For the foregoing reasons, the defendants should be precluded from examining witnesses, adducing evidence, or tendering argument that economic coercion or duress excuses their culpability for conspiring to bribe and bribing a public official.

DATED this 18th day of December 2009.

                                        Respectfully submitted,

                                        /s/ *Mark W. Pletcher*
                                        MARK ROSMAN
                                        MARK W. PLETCHER
                                        EMILY W. ALLEN
                                        KENNETH W. GAUL
                                        Trial Attorneys, Antitrust Division
                                        U.S. Department of Justice
                                        450 5th Street NW, Suite 11300
                                        Washington, DC 20530
                                        Telephone: (202) 307-6186
                                        Facsimile: (202) 514-6525

Case: 1:08-cr-00669 Document #: 355  Filed: 12/18/09 Page 9 of 9 PageID #:2417

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of December 2009, the foregoing MOTION IN LIMINE OF THE UNITED STATES TO EXCLUDE IMPROPER EXAMINATION, EVIDENCE AND ARGUMENT REGARDING ECONOMIC DURESS was filed electronically and to the best of my knowledge, information and belief, counsel for defendants Christopher West, Patrick Boyd, Assad John Ramin, Tahir Ramin, AZ Corporation, Tops Construction, Noor Alam, Northern Reconstruction Organization, Abdul Qudoos Bakhshi, and Naweed Bakhshi Company will be notified through the Electronic Case Filing System.

        /s/ *Emily W. Allen*
        EMILY W. ALLEN
        Trial Attorney, Antitrust Division
        U.S. Department of Justice
        1401 H Street, N.W., Suite 3700
        Washington, D.C. 20530
        Telephone: (202) 307-0946
        Facsimile: (202) 514-6525
        emily.allen@usdoj.gov

9