# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CR 669 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| CHRISTOPHER WEST, *et al.*, | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Compel Documents Relating to Audio Recordings and the Motion to Compel Discovery filed by Defendants Tahir Ramin, John Ramin, and AZ Corporation ("the Defendants"). The Defendants have been indicted on various charges of conspiracy to commit bribery under 18 U.S.C. § 371, conspiracy to commit mail fraud under 18 U.S.C. § 1349, and the bribery of public officials under 18 U.S.C. § 201 related to acts allegedly undertaken at Bagram Air Force Base ("Bagram") in Afghanistan.

In their first Motion, the Defendants seek the production of documents related to fifty-one previously produced audio recordings made of some of their co-defendants. The Defendants do not specify who the co-defendants are but argue that pursuant to Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), they are entitled to all documents necessary for authenticating the tapes for use at trial. In its Response, however, the United States of America ("the Government") has agreed to stipulate to the recordings' authenticity, pointing out that the individuals responsible for coordinating the recordings have already been identified. The Government

further states that it agrees to stipulate to the identities of all the participants in the audio recordings. In short, the goal of Defendants' Motion having been accomplished, their Motion is now moot.

In their second Motion, the Defendants seek the production of "personnel records and contact information" of 110 Army personnel who accepted the delivery of bunkers and barriers AZ Corporation sold to the United States Army ("Army"). The Defendants argue that they requested this information from the Army on August 18, 2010 and are entitled to it under Fed. R. Crim. P. 16 & 17. Because the superceding indictment charges them with fraudulently inflating the number of bunkers delivered, the Defendants argue, they are entitled to the personnel records in order to locate the individuals who received the bunkers and who "possess information relevant to the defense." (Motion at 4.)

Federal Rule of Criminal Procedure 16 requires the Government, in part, to allow a defendant in a criminal trial to inspect documents that are "within the government's possession, custody, or control" and that are also "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(I). Rule 17(c) permits the use of subpoenas to "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c). The Defendants themselves note that the party seeking to obtain records through a subpoena must demonstrate:

(1) that the documents are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The Defendants bear the burden of showing that their subpoena meets the requirements of "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700.

As it stands, the Defendants' request for 110 Army personnel records fails to meet this standard. The Supreme Court has stressed that Rule 17(c) subpoenas apply only to a "document or other materials, admissible as evidence," *Bowman Dairy Co. v. United States*, 341 U.S. 213, 221 (1951), and most courts have required documents to be admissible at trial before a defendant can subpoena them under Rule 17(c). *See, e.g., United States v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998) ("[O]nly materials that are admissible as evidence are subject to subpoena under the rule.") (internal quote and citation omitted); *United States v. Cherry*, 876 F. Supp. 547, 552-53 (S.D.N.Y. 1995) (summarizing case authorities on this issue). *Cf. United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (stating that Rule 17 "allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial.").[1] In this case, however, the Defendants do not argue that the records they seek are

---

[1] The Court does not believe that *Tokash* differs from the majority rule. *See United States v. Carter*, 65 Fed. Appx. 559, 561 (7th Cir. 2003) ("[O]nly materials that are admissible as evidence are subject to subpoena."). Even if *Tokash*'s holding were construed to mean that the document itself need not be admissible, the Defendants cannot meet this standard. As discussed below, they have not shown that the personnel records themselves have any evidence relevant "to an admissible issue at trial." *Tokash*, 282 F.3d at 971. Instead, they seek the documents in an effort to reach individuals whose relevant knowledge also goes unstated in the Defendants' Motion.

admissible, stating only that they are "related to exculpatory information." (Motion at 1.) As discussed below, the requested documents are likely to contain a broad range of information about the 110 signers, and the Defendants have presented no argument why any information in the subpoenaed records would be admissible.

Even assuming the Defendants could satisfy the admissibility requirement, the claim that the documents are related to exculpatory information, rather than containing such evidence themselves, fails to show how the records are "evidentiary and relevant." *Nixon*, 418 U.S. at 699. The Defendants contend that the 110 Army personnel in question have signed several hundred delivery tickets that the Defendants already possess, each of which presumably indicates the delivery of AZ Corporation's bunkers to Bagram. According to the Defendants, they need the subpoened records in order to contact the ticket signers and interview them. In order to show the subpoenaed records are evidentiary and relevant, however, the Defendants must allege some nexus between what the 110 Army signers may tell them and the charges in the indictment. Instead, they allege only in general terms that the signers have information that is "relevant to the defense." (Motion at 4.) Although the Court may speculate that the Defendants hope to obtain information from the 110 Army personnel showing that all the purchased bunkers were actually delivered to Bagram, the Defendants do not claim this in their Motion. Nor do they state why the 110 signers are likely to provide relevant evidence. For example, the Defendants do not argue that they delivered more bunkers to Bagram than those indicated by the receipt tickets they already have, that the 110 signers have any knowledge concerning bunkers that may have been delivered without such tickets, or that the signers are needed to authenticate their signatures on

the delivery tickets. Thus, the Defendants have not shown how the documents they seek will lead to any evidence that is relevant to their defense.

Without some statement concerning the testimony they expect to obtain, the Defendants have not shown why the subpoenaed records are warranted under Rule 17(c). *See Deitle v. United States*, 302 F.2d 116, 118 (7th Cir. 1962) (finding that such a statement is required for a Rule 17 subpoena). Rule 17 does not provide a broad right to discovery in criminal proceedings. *See Bowman Dairy*, 341 U.S. at 200; *see also United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) ("Certainly a Rule 17(c) subpoena *duces tecum* is not a discovery device."). Moreover, the Defendants do not allege that they cannot properly prepare for trial if the Motion is not granted. *Nixon*, 418 U.S. at 700. The Court cautions that it is not finding that the kind of exculpatory evidence the Defendants appear to seek does not exist in this case. The Defendants, however, bear the burden of demonstrating their right to subpoena these documents, and they have not shown why the records are evidentiary, relevant, and essential to their defense.

Finally, the Defendants also fail to show how their subpoena is sufficiently specific. The Government points out that Army personnel records contain large amounts of information such as medical records, wage statements, and other information that is neither relevant nor admissible in this case. A Rule 17(c) subpoena that lacks sufficient specificity is properly rejected as a "fishing expedition." *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992); *see also United States v. King*, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates a fishing expedition."). Here, the Court has no way of knowing all that it would be ordering the Army to turn over to the Defendants if the Motion were granted; the contents of the personnel files may contain personal, even confidential, material such as

disciplinary reports, medical histories, or other information that the Defendants are not entitled to see. Accordingly, the Court does not believe that the Defendants' broad request for files that may contain large amounts of irrelevant information meets the specificity standard of Rule 17(c).[2]

For these reasons, the Court finds that the paucity of information provided by the Defendants in their Motion requires the Court to find that they have not shown how their subpoena meets the standards set forth in *United States v. Nixon, supra,* and the Motion to Compel Discovery and Response to Army Subpoena (Dckt. #663) is denied. As noted above, the Motion to Compel Documents Relating to Audio Recordings (Dckt. #665) is also denied as moot.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
**Dated:** October 26, 2010.                                   United States Magistrate Judge

---

[2] The Court's ruling is made on the basis of the parties' representations in their briefs and not on the language of the subpoena itself because the Defendants have not provided a copy of it. In the absence of the specific language of the current subpoena, the Court does not address the issue of whether a more narrowly-tailored subpoena would satisfy the requirements of Fed. R. Crim. P. 17.